UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br>v.<br><br>RIGOBERTO VASQUEZ-MARTINEZ,<br><br>Defendant(s). | CASE NO. CR24-00043-KKE<br><br>ORDER STRIKING MOTION FOR MISCELLANEOUS RELIEF |

Defendant Rigoberto Vasquez-Martinez pleaded guilty to charges of possession of a controlled substance with intent to distribute, attempted possession of a controlled substance with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime, and was sentenced in May 2024 to a 120-month period of incarceration followed by supervised release. Dkt. Nos. 10, 22. Throughout these criminal proceedings, Vasquez-Martinez has been represented by the Federal Public Defender. Dkt. No. 6.

In July 2026, Vasquez-Martinez filed a *pro se* motion for miscellaneous relief styled as a writ of mandamus, seeking a transfer to Mexico to complete his sentence there. Dkt. No. 24. The Government filed an opposition, noting that the *pro se* motion is procedurally improper because Vasquez-Martinez is represented by counsel. *See* Dkt. No. 25. The Government also notes that Vasquez-Martinez has requested a transfer to Mexico via the International Prisoner Transfer Unit, and that his request remains pending. *Id*. at 1–2.

Because Vasquez-Martinez is currently represented, he may not file a *pro se* motion unless he complies with the requirements of Local Criminal Rule 62.2(b)(4). *See* Local Rules W.D. Wash. LCrR 62.2(b)(4) ("When a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case until after the party requests by motion to proceed on his or her own behalf, and the court permits self-representation following a hearing on the matter[.]"). That rule goes on to note that the Court may, "in its discretion[,]" hear from a party "notwithstanding the fact that he or she is represented by an attorney." *Id.*

Here, the Court STRIKES Vasquez-Martinez's filing as procedurally improper. The Court does not exercise its discretion to address it, given that Vasquez-Martinez has a request pending with the International Prisoner Transfer Unit for the same relief he seeks here, and he has not shown that the Court has the authority to compel a transfer. The clerk is directed to TERMINATE the motion (Dkt. No. 24).

Dated this 4th day of September, 2026.

Kymberly K. Evanson
United States District Judge